AMBRO, Circuit Judge,
concurring.
I agree with and join in Judge Green-berg’s excellent and thorough opinion as to all but Part VIL B, which deals with whether Appellant Concerned Black Parents of Mainline Inc. (“CBP”) has standing to sue. Although standing is a jurisdictional requirement that cannot be waived, Pub. Interest Research Grp. of N.J., Inc. v. Magensium Elektron, Inc., 123 F.3d 111, 117 n. 5 (3d Cir.1997), “the presence of one plaintiff with standing is sufficient to satisfy that requirement.” Forum for Academic & Institutional Rights v. Rumsfeld, 390 F.3d 219, 228 n. 7 (3d Cir.2004) (citing *304 Bowsher v. Synar, 478 U.S. 714, 721, 106 S.Ct. 3181, 92 L.Ed.2d 583 (1986)), rev’d on other grounds, 547 U.S. 47, 126 S.Ct. 1297, 164 L.Ed.2d 156 (2006). The standing of the individual Plaintiffs here has never been challenged (nor should it). Thus the individual Plaintiffs confer standing and CBP’s standing as an organization is irrelevant.
Were it necessary to decide, I would agree with Judge McKee that, under Havens Realty Corp. v. Coleman, 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982), CBP has standing to sue on its own behalf. However, I also agree with Judge Green-berg that the claims of the individual Plaintiffs were properly dismissed at summary judgment. CBP, who shared counsel with some of the individual Plaintiffs, has not explained how, were it permitted to continue as a plaintiff in the case, it could prevail where the individual Plaintiffs have failed. Thus I agree with Judge Green-berg’s disposition of these appeals on their merits. For these reasons, I concur.